UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TEAM 125, INC., | Case No. 2:21-cv-00520-KJD-NJK |
| Plaintiff, | ORDER |
| v. | |
| EASTERN AIRLINES, LLC, | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Sanctions pursuant to Rule 11 (#34). Plaintiff responded in opposition (#36) to which Defendant replied (#40).

I.     Factual and Procedural Background

The following allegations of the complaint are taken as true when evaluating a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff, Team 125, Inc., ("Team 125") is an aircraft operator led by Lincoln Francis ("Lincoln"), who has thirty-five years of experience in the aviation industry. (#30, at 1-2). Lincoln was introduced to Bob Kraft in early 2016, because the New England Patriots and Kraft were interested in securing premium, private transportation to/from away games during the football season and other incidental travel. Id. Moreover, Kraft grew interested in expanding his empire by creating a commercial aircraft carrier to provide travel services to professional sports teams during their season. Id. Shortly after this plan was created, certain Kraft Entities[1] and Team 125 entered several agreements to build out a fleet of aircraft to accomplish this venture. Id. Team 125 built a fleet of planes from the ground up and has deployed its sophistication and

---

[1] As used in the complaint, the "Kraft Entities" are defined as those certain entities that are owned and/or controlled by Robert Kraft ("Kraft") that are relevant to this dispute and consist of Kraft Group, LLC ("Kraft Group"), Kraft Enterprises, LLC ("Kraft Enterprises"), Kraft Family, Inc. ("Kraft Family"), New England Patriots, LLC (the "Patriots"), and 2/25/94, LLC ("2/25").

knowledge of the airline industry and Federal Aviation Administration ("FAA") rules and regulations to take active steps toward ultimately becoming Team Airlines. Id.

Unbeknownst to Team 125, Kraft began to develop a relationship with Defendant Eastern Airlines ("Eastern"). Id. This led to Kraft terminating its contracts with Plaintiff without notice or reason. Id. Eventually, Team 125 discovered that the reason was Kraft's desire to proceed with the same plan with a new partner, Eastern Airlines. Id. According to the allegations of the complaint, Eastern is a fledgling commercial aircraft operation that knew of the contracts with Team 125 and offered Kraft Enterprises a deal so sweet they could not refuse betraying Team 125 and abandoning Team Airlines during the eleventh hour, as FAA certification had been nearly completed. Id.

Eastern entered into agreements with Kraft covering the very same services and provisions Team 125 and Kraft contracted for prior to Kraft even sending a termination notice to Team 125. Id. Moreover, Eastern had knowledge of Team 125 and Kraft's relationship and contracts providing for such services. Id. Eastern Airlines even attempted to steal—and in some cases, did steal—employees of Team 125 who serviced the aircrafts pursuant to the Team 125 and Kraft Entities' contracts. Id. Team 125 then filed the present action alleging intentional interference with contract.

Specifically, Team 125 alleges that Eastern is liable for tortious interference with the oral joint venture agreement and the management agreement because it induced the Kraft entity 2/25 "to terminate its relationship with Team 125 and stop paying Team 125, and in doing so breach their contracts with Team 125." (#30, at 7). 2/25 contracted with Team 125 on September 12, 2017, to operate, maintain, and store aircraft pursuant to a written aircraft consulting and management agreement. (#33-2).

On July 7, 2021, Team 125 and 2/25 participated in arbitration in Massachusetts. The arbitration panel ordered that "[o]n Team's Claims, 2/25 is liable in the total amount of $729,641.70. On 2/25's Counterclaims, Team is liable in the total amount of $800,000.00. Consequently, Team shall pay 2/25 $70,358.30." Id. at 13. Justice Peter Krupp of the Massachusetts Superior Court entered an order confirming the arbitration award and directing

entry of judgment on the award. (#33-3). On April 26, 2022, the clerk of that court entered a final judgment pursuant to the confirmation order. (#33-4).

On March 30, 2021, while the arbitration process between Team 125 and 2/25 was going on, Team 125 filed its original complaint against Eastern in this Court. On March 29, 2022, this Court dismissed Team 125's complaint pursuant to Rule 12(b)(6) but granted leave to amend. (#29). Team 125 filed its First Amended Complaint ("FAC") and Eastern brought a motion to dismiss, arguing the issue was precluded under Massachusetts law. The Court has granted that motion, dismissing the case with prejudice. (#41). Eastern seeks Rule 11 sanctions against Team 125 and its counsel, asserting that Team 125 filed the amended complaint in bad faith. (#34). Team 125 argues there was no bad faith and that sanctions are unnecessary. (#36).

II.     Legal Standard

"Federal Rule of Civil Procedure 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985 (9th Cir. 1997). "Frivolous filings are 'those that are both baseless and made without a reasonable and competent inquiry." Id., quoting Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).

"When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion." Id., see also Buster, 104 F.3d at 1190 (affirming Rule 11 sanctions where "[t]he district court concluded that this suit was barred by res judicata and collateral estoppel effects of the prior judgment.").

When reviewing a complaint under Rule 11, the "court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002).

III.    Analysis

The arbitration award was confirmed by the Massachusetts Superior Court on March 21,

2022. On March 23, 2022, Defendant's counsel provided the relevant legal research to Team 125 well before Plaintiff filed the First Amended Complaint on April 19, 2022.

Eastern argues that Team 125's claim was obviously barred by res judicata and that "[a] few minutes of research into the law of issue preclusion by a lawyer acting reasonably and competently would have made this plain." (#34, at 6). Eastern provided the relevant legal research to Team 125 before bringing the motion, and Team 125 refused to withdraw the amended complaint. (#34-3, at 2).

Team 125 argues the First Amended Complaint was not frivolous, that it made a good faith argument, and that issue preclusion did not bar the claim. (#36). Team 125 raises the same arguments it made in its opposition to Eastern's motion to dismiss (#35/33).

The Court finds, after analyzing Eastern's motion to dismiss and Team 125's response, that the complaint was legally baseless from an objective perspective and that Team 125's counsel could have determined this based on their own research and the research provided to them by Eastern. Team 125 did not make a satisfactory argument based on the relevant law in its response to the motion to dismiss, in fact, the argument largely confirmed Eastern's position. Team 125 helped make the case for Eastern that the third element of the issue preclusion was satisfied, that the issue from the arbitration was the same issue Team 125 was attempting to litigate here. The facts of the case applied to the relevant law of res judicata are fairly simple, and the Court agrees with Eastern that this would have been plain to a reasonable lawyer. Therefore, the Court grants the motion for sanctions.

///
///
///
///
///
///
///
///

IV. <u>Conclusion</u>

Accordingly, **IT IS HEREBY ORDERED** that Defendant Eastern's Motion for Rule 11 Sanctions (#34) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants may seek an award of attorneys' fees in accordance with Local Rule of Civil Practice 54-14.

DATED this 22nd day of March 2023.

_____
Kent J. Dawson
United States District Judge